UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI ANN DAVIDSON, STEVEN
LEE DAVIDSON, and WENDY
ANNE BRUESSOW,

            Plaintiffs,

                        Case No.: 8:09-cv-727-T-33MAP

v.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

            Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiffs

Steven and Lori Ann Davidsons' Motion for Reconsideration of

Court's Order Granting Summary Judgment and Entry of Final

Judgment in Favor of Defendant (Doc. # 77), filed on October

5, 2010.  Defendant GEICO filed its response in opposition to

the motion (Doc. # 80) on November 18, 2010.

For the reasons that follow, the Court denies the motion

for reconsideration.

I.    **Factual Background**

This action was brought by the Davidsons, as the

insureds, against GEICO, their insurer, after an excess

judgment was entered against the Davidsons in the suit styled

Douglas Staley et al. v. Lori Ann Davidson, Steven Lee

Davidson, Wendy Bruessow and Thomas Robert Bruessow, Case no.

2003-CA-1946, pursuant to a trial in the Circuit Court of the

Twelfth Judicial Circuit in and for Manatee County, Florida. (Doc. # 1). In their one count complaint, the Davidsons allege that GEICO acted in bad faith in its handling of the claim brought against them by the family of Brittany Forbes, and that GEICO's bad faith led to the entry of the aforementioned excess judgment.

A lengthy discussion of the complete factual background can be found in this Court's summary judgment Order, which is the subject of the motion for reconsideration. (Doc. # 75). The Court will now provide a brief discussion of the facts that are relevant to the motion for reconsideration.

GEICO insured the Davidsons' automobile.[1] Thomas Bruessow, a permissive but unlicenced driver, with Brittany Forbes as his passenger, was involved in a car accident while driving the Davidsons' aforementioned automobile. Forbes was seriously injured in the accident.

A.   **GEICO's Initial Settlement Attempts**

GEICO determined that Thomas Bruessow was covered under the GEICO insurance policy issued to the Davidsons. On December 26, 2002, GEICO tendered the full $10,000 policy limits to the Forbes family, through Ward, their attorney.

----

[1] The Davidsons' Florida automobile insurance policy provided bodily injury liability coverage in the amount of $10,000 per person and $20,000 per occurrence. (Doc. # 55-1).

2

On January 3, 2003, Daniel Perez, an attorney from Ward's office, sent GEICO a letter rejecting GEICO's settlement check. (Doc. # 55-7).   On January 22, 2003, GEICO sent another letter to Ward and Perez's office reiterating GEICO's willingness to settle for the full policy limits. (Doc. # 55-8).

Thereafter, on February 7, 2003, and on March 11, 2003, GEICO sent Perez and Ward letters providing pertinent information about another insurance policy, the Hanover policy, in an effort to move the settlement process to a close. (Doc. # 55-11; 55-12).

**B.    The March 14, 2003 "Conditional Settlement Offer"**

On March 14, 2003, Perez sent GEICO a letter containing a conditional settlement offer.[2]   The letter stated, among other things, "I think we are ready to settle with your insureds now for the available coverage." (Doc. # 55-14 at 1).

The March 14, 2003 conditional settlement offer indicated that such offer "may only be accepted by performance, not by a promise, and its terms are for the settlement funds to be delivered to my office . . . accompanied by any release documents you will require signed releasing only GEICO, its

---

[2] The entire thrust of the Davidsons' reconsideration motion is that GEICO did not inform them of the March 14, 2003 conditional settlement offer in a timely fashion.

insured, and their carriers, within 20 days from the date of
this letter.   Within that time, I must also receive the
documents and information described in 627.4137, Florida
Statutes, *including* a certified copy of GEICO's policy." (Doc.
# 55-14 at 2)(emphasis in original).   The letter also
requested that GEICO reimburse Brittany Forbes for her
clothing, shoes, and purse that were destroyed in the accident
(estimating an amount of $200 to $300). (<u>Id.</u>)

GEICO advised the Davidsons of the March 14, 2003
conditional settlement offer on April 1, 2003.[3]   On April 3,
2003, GEICO hand delivered a check in the amount of $10,200
(representing the policy limits plus $200 for Brittany Forbes'
personal items), an affidavit of coverage, and a certified
copy of the GEICO policy. (Doc. # 55-16).   Denise Johnson from
Ward's law firm signed for the documents.   (<u>Id.</u>)

However, on April 10, 2003, Perez withdrew the
conditional settlement offer and returned GEICO's tender of
$10,200.   (Doc. # 55-18).   Thereafter, GEICO continuously
tried to satisfy Ward and Perez's demands.   Despite GEICO's
settlement efforts, Perez filed suit against the Davidsons on

---

[3] As discussed herein, the Davidsons contend in the
reconsideration motion that the Court improperly weighed the
evidence to find that GEICO advised the Davidsons of the March
14, 2003 conditional settlement offer before it expired by its
own terms.

behalf of the Forbes family. (<u>Id.</u>)  After suit was filed, GEICO persisted in its attempts to settle the claim.  On April 16, 2003, GEICO wrote Perez in an attempt to revive the conditional settlement offer. (Doc. # 55-21).  On May 7, 2003, Ward sent a letter to GEICO indicating that no settlement had been be reached. (Doc. # 55-23).

C.   **GEICO's Letters Warning the Davidsons of the Suit**

On April 16, 2003, GEICO sent a letter to the Davidsons explaining that its settlement attempts had been unsuccessful, and warning the Davidsons of the lawsuit filed against them by the Forbes family. (Doc. # 55-19).  Among other things, the detailed letter advised the Davidsons that the claim could exceed their coverage and result in an excess judgment.

Thereafter, on April 23, 2003, GEICO sent another letter to the Davidsons, again warning them of the Forbes family's suit, and the possibility of an excess judgment as well as providing them information about attorney Haas, the defense attorney selected by GEICO to represent the Davidsons in the suit filed by the Forbes family. (Doc. # 55-22).

As noted above, the Forbes prevailed against the Davidsons in a state court trial, and an excess judgment was entered against the Davidsons in the amount of $330,132.26. (Doc. # 1 at 9-10).

The Davidsons then filed the present action against GEICO (Doc. # 1), and GEICO filed a motion for summary judgment (Doc. # 55).  The Court granted GEICO's motion for summary judgment on October 26, 2010 (Doc. # 75), and the Court entered its judgment in favor of GEICO and against the Davidsons on October 27, 2010. (Doc. # 76).

## II.  Summary Judgment Analysis

Drawing from binding bad faith cases such as <u>Berges v. Infinity Ins. Co.</u>, 896 So.2d 665, 682-83 (Fla. 2005), <u>Boston Old Colony Ins. Co. v. Gutierrez</u>, 386 So.2d 783, 785 (Fla. 1980), and persuasive cases, such as <u>Powell v. Prudential Property & Cas. Ins. Co.</u>, 584 So.2d 12, 14-15 (Fla. 3d DCA 1991), the Court determined that summary judgment in favor of GEICO was required.

Specifically, the Court found, "as a matter of law that GEICO did not act in bad faith." (Doc. # 75 at 27).  After analyzing the undisputed facts, the Court determined:

> The duty of good faith required GEICO to settle if possible, but the absence of a settlement in this case does not mean that GEICO acted in bad faith. GEICO's continuous attempts to settle by tender of the full policy limits demonstrate that GEICO acted in good faith.  Further, the record shows that GEICO advised the Davidsons of all settlement opportunities, advised them as to the probable outcome of the litigation, warned them of the possibility of an excess judgment, and advised them of the steps they might take to avoid same.  GEICO also investigated the facts, gave fair

6

> consideration to the Forbes family's settlement
> offer, and tried to settle with the Forbes family.
> The Forbes family rejected GEICO's settlement
> attempts.

(<u>Id.</u> at 32-33).

Although the Davidsons' response to GEICO's motion for summary judgment primarily focused on the Hanover policy and GEICO's duties under Florida Statute Section 627.4137, the Davidsons focus in the reconsideration motion on the Court's findings concerning GEICO's communication of settlement offers to the Davidsons.  Specifically, the Davidsons argue that the Court's finding that GEICO communicated all settlement offers to the Davidsons was based on an improper weighing of the evidence in the context of a disputed fact.  The Court will evaluate the Davidsons' contentions below.

## III. <u>Reconsideration Legal Standard</u>

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."

This Court recognizes three basic grounds to justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to

7

correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F.Supp.2d at 1308.  Further, as explained in <u>Ludwig v. Liberty Mutual Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Id.</u> at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Id.</u> at 11 (citation omitted).[4]

## IV.  <u>Reconsideration Analysis</u>

The Davidsons do not contend in the reconsideration motion that there has been a change in controlling law, nor do they posit that new evidence is available.  Rather, they submit that an order of reconsideration is needed to correct clear error.  Specifically, as alluded to above, the Davidsons argue that the following findings by the Court were the result of improper fact finding and weighing of the evidence at the

---

[4] The Davidsons indicate in their reconsideration motion that they seek relief under Rule 60 of the Federal Rules of Civil Procedure.  The Court determines that, due to the timing of the motion, that Rule 59--rather than Rule 60--applies. Nevertheless, the Court notes that under either rule, the Davidsons are not entitled to relief.

summary judgment stage: "GEICO advised the Davidsons of the settlement offer on April 1, 2003" and "the record shows that GEICO advised the Davidsons of all settlement opportunities" (Doc. # 75 at 8, 33).

The Davidsons contend: "It is respectfully suggested herein that this Court misapprehended the record evidence in this case when it determined that there was no factual dispute over whether GEICO complied with all of these duties in this case." (Doc. # 77 at 4). To support their position, the Davidsons rely on deposition testimony from Sally Currie, a GEICO claims representative. During her deposition, Currie testified that she received the March 14, 2003 conditional settlement offer on March 31, 2003 (she was on a leave of absence until March 30, 2003), and she advised Lori Davidson of the status of the settlement offer on April 1, 2003. (Doc. # 55-15 at 187: 8-19).

Currie could not recall whether she or anyone else at GEICO sent a physical copy of the March 14, 2003 letter to the Davidsons, as seven and a half years had transpired from the events in question. However, she did recall specifically advising the Davidosns of the March 14, 2003 offer to settle.

The case law does not require insurance companies, such as GEICO, to furnish actual copies of demand letters, such as

the March 14, 2003 offer, to their insureds.   It is the communication of the opportunity to settle that matters in bad faith claims handling cases.   In evaluating the evidence in a light most favorable to the Davidsons, the Court presumed that GEICO did <u>not</u> provide a physical copy of the March 14, 2003 letter to the Davidsons.[5]

Here, Currie testified that she communicated the offer to settle, and on this point, she did not waiver.   Specifically, during her March 30, 2010 deposition, with respect to that April 1, 2003 conversation with Lori Davidson at 12:38 p.m., Currie testified: "I explained to her that we had gotten the letter from Mr. Ward and that we were tendering the limits by hand delivery as well as the certified copy of the policy." (Doc. # 55-15 at 198:14-17).   Counsel for the Davidsons asked her if she was certain, and in response, Currie specified that she could not remember the "exact words" that she used when she advised Davidson of Ward's offer, but that she did

---

[5] The Court acknowledges that the Davidsons argued in their response to GEICO's motion for summary judgment that "It is undisputed that GEICO failed to provide a copy of the [March 14, 2003] settlement offer letter to its insured, the Davidsons, during the period that the offer of settlement was open." (Doc. # 60 at 3).   The Court presumes that this argument is true.   Nevertheless, GEICO prevails because GEICO was not required to tender a physical copy of the offer letter to the Davidsons.   Rather, GEICO had a duty to inform them of the settlement opportunity, which it did, through Currie, on April 1, 2003, before the offer expired.

"remember talking about it." (Id. at 18-23).  When asked again
what she told Davidson during the call in question, Currie
remarked, "I remember telling her, look, we got a letter from
Mr. Ward, he's ready to settle the case, and this is what
we're doing." (Doc. # 55-15 at 199:8-13).

When counsel for the Davidsons suggested that Currie was
mistaken as to the date of the call, Currie again confirmed
her memory that the call in question happened on April 1,
2003, before the expiration of the settlement offer. (Doc. #
55-15 at 200:4-11).[6]  The call logs (Doc. # 55-3) corroborate
Currie's recollection of the events in question.

Currie was not required by law to send the March 14, 2003
offer to the Davidsons.  Nowhere in the Court's Order granting
summary judgment in favor of GEICO does the Court state that
GEICO furnished a copy of the March 14, 2003 letter to the
Davidsons; rather, the Court determined that GEICO
communicated the offer to settle to the Davidsons before the
offer expired.

The Davidsons contest the finding that the settlement
offer was communicated to them before it expired.  However,
there not a shred of evidence to support their position.

_____

    [6] Currie maintained that she communicated the offer to
settle upon being repeatedly asked the same questions during
her deposition. (Doc. # 55-15 at 203:2-14).

11

Absent from the file is deposition testimony or other evidence from the Davidsons which supports the position that GEICO failed to advise them of the March 14, 2003 settlement opportunity before it expired.  Counsel for the Davidsons' bare assertion that GEICO failed to communicate a settlement offer is not evidence.[7]  However, Currie's aforementioned deposition testimony and the supporting call logs evidencing her calls to the Davidsons regarding the offer to settle (on March 31, 2003 and April 1, 2003) is evidence, and in the absence of any counter-evidence, is dispositive of the issue.[8]

There is no factual dispute regarding whether Currie advised the Davidsons of the March 14, 2003 conditional offer to settle.  No evidence exists to contradict Currie's

---

[7] Counsels' unsupported and "conclusional allegations" did not carry the day at the summary judgment stage, nor do they carry the day at the reconsideration stage.  Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). "It is fundamental that the unadorned representations of counsel cannot create genuine issues of material fact." Baucom v. Sisco, case no. 6-0785-WS-B, 2008 U.S. Dist. LEXIS 7724, at *3 (S.D. Fla. Feb. 1, 2008)

[8] The call logs show that Currie placed a call to Lori Davidson on March 31, 2003 at 1:48 p.m., and left a message on the answering machine for Davidson to return the call. (Doc. # 55-3 at 62). The call logs also reflect that Davidson returned Currie's call on April 1, 2003 at 12:38 p.m., and during the call, Curried "explained in Detail Status of Case. . . . all U/s." (Doc. # 55-3 at 61). From the context of Currie's deposition, the Court has gleaned that "all U/s" means "all understand." (Doc. # 55-15 at 198:7-8).

testimony that she did, indeed, advise the Davidsons of the offer to settle in a timely manner.[9]   Thus, the Court denies the motion for reconsideration.

Accordingly, it is

**ORDERED ADJUDGED** and **DECREED** that**:**

Plaintiffs Steven and Lori Ann Davidsons' Motion for Reconsideration of Court's Order Granting Summary Judgment and Entry of Final Judgment in Favor of Defendant (Doc. # 77) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of December 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

[9]  For this reason, the Davidsons' reliance in their motion on <u>Odom v. Millican</u>, 582 So.2d 1203 (Fla. 1st DCA 1991), is misplaced.   There, it was undisputed that the insurer failed to communicate a settlement offer to its insured.   Therefore, the appellate court reversed a summary judgment in favor of the insurer.   Here, the record positively shows that GEICO communicated the settlement opportunity to the Davidsons, and no evidence or plausible inference from the evidence can contradict that fact.